**LOKER, Plaintiff-Appellee, v. ANDREWS CARTAGE COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19937.   Decided May 28, 1945.

Coleman Kiss and Albert H. Kiss, Cleveland, Lloyd L. Blake, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

MORGAN, J., LIEGHLEY, J., concur.
SKEEL, P. J., dissents.

### DISSENTING OPINION

By SKEEL, P. J.

The plaintiff below brought this action against the defendant seeking damages for personal injuries and property damage growing out of an accident which occurred at the intersection of East 18th Street and St. Clair Avenue in the City of Cleveland at about 2:30 on the afternoon of March 27, 1943.

The plaintiff was driving a motorcycle westerly on St. Clair Avenue. St. Clair Avenue is a main thoroughfare in the City of Cleveland. The defendant's truck was being driven southerly on East 18th Street and while passing through the intersection of East 18th Street with St. Clair Avenue the plaintiff ran into and collided with the left rear side of the defendant's truck.

Plaintiff's petition alleges that the defendant was negligent in the following particulars:

1. In failing to stop its vehicle before entering St. Clair Avenue from East 18th Street;

2. In failing to yield the right of way to the plaintiff.

3. In failing to keep a proper lookout for others lawfully travelling on said highway.

The defendant, by answer, denies all of the plaintiff's claims of negligence and further says that whatever damages the plaintiff sustained was the direct and proximate result of his failure to exercise ordinary care for his own safety.

The plaintiff by reply denies that he was negligent or that any negligence on his part was a proximate cause of his injuries and damage.

The plaintiff in testifying about the accident, said that he was between 60 and 70 feet east of the intersection and travelling between 20 and 25 miles per hour, the truck "shot" into St. Clair Avenue from East 18th Street, going south, about six miles per hour. That the truck proceeded until its front wheels had reached the center of the eastbound street car track, a distance of about forty feet, before the collision. The point where plaintiff's motorcycle collided with the truck was just in front of the rear wheel. At the time of the collision the plaintiff had swerved from the center of the west-bound roadway to the center of the west-bound street car tracks. The plaintiff, therefore, travelled between 65 and 70 feet at a speed of about 20 miles per hour and therefore it would have required two seconds for him to cover the distance between the point where he first observed the truck, to the point of the collision. On the other hand, the truck would have required four seconds to proceed 40 feet at six miles per hour. It is perfectly evident, therefore, that it would be physically impossible for the accident to have happened in the manner described by the plaintiff. In other words, if the truck had time to proceed a distance of 40 feet at six miles per hour before the collision took place and the plaintiff was during that time proceeding at twenty miles per hour, he must have been at least 120 feet away when the truck came into St. Clair Avenue. The plaintiff's version of the manner in which the accident happened therefore is physically impossible and the version of the defendant's driver that the motorcycle was 300 feet away when he first saw it, is far more credible.

The only other witness for plaintiff told a story that was more incredible than that of plaintiff. By his testimony he corroborated the plaintiff's story in every detail, except that when the defendant's truck "shot" into St. Clair Avenue at six miles per hour the plaintiff was only forty feet away. Under

these circumstances it would have been physically impossible for the truck to have travelled 40 feet before the collision occurred, if the motorcycle had to travel the same distance but was going at four times the speed. The verdict is therefore manifestly against the weight of the credible evidence.

The plaintiff also testified that the brakes on his motorcycle were in such a state of repair that it required 100 feet to bring the said motorcycle to a stop when going at a speed of 30 miles per hour and 60 to 70 feet when going at 20 miles per hour. Upon this point an experienced motorcyle operator testified that the average stopping distance for a motorcycle of the same kind as plaintiff was using was 35 feet when going at a speed of 30 miles per hour and 18 feet when operating at a speed of 20 miles per hour. The city ordinance on this subject provides:

"Sec. 2420-13 (b)

Performance ability of brakes: Every trackless trolley, motor vehicle, or combination of motor-drawn vehicles shall be capable at all times and under all conditions of loading, of being stopped on a dry, smooth, level road, free from loose materials, upon application of the service (foot) brake, within the distances specified below, or shall be capable of being decelerated at a sustained rate corresponding to these distances:

|  | Feet to stop from 20 miles per hour | Deceleration in feet per second |
|---|---|---|
| Trackless trolleys, vehicles or combinations of vehicles having brakes on all wheels | 30 | 14 |
| Vehicles or combinations of vehicles not having brakes on all wheels | 40 | 10.7" |

The condition of the plaintiff's motorcycle was below the standard fixed by the ordinance and its use on a public thoroughfare was negligence as a matter of law and if such negligence was a proximate cause of the injury of which plaintiff complains, such negligence would preclude recovery. A careful examination of the charge of the court shows that this subject was completely overlooked.

The plaintiff before argument requested, and the court gave the following instructions:

"I say to you that it is the law of the State of Ohio that the operator of a vehicle, intending to enter a through highway, shall yield the right of way to all other vehicles on said through highway, providing that the vehicle travelling on the through highway is proceeding in a lawful manner.

I say to you further that if you find, from the evidence that the driver of the Andrews Cartage Company truck failed to yield the right of way to the plaintiff, Ralph Loker, then the defendant is guilty of negligence as a matter of law and if you find that said negligence, in failing to yield the right of way, proximately and directly caused the collision, then your verdict must be for the plaintiff, Ralph Loker and against the defendant, The Andrews Cartage Company, providing that plaintiff was exercising ordinary care for his own safety."

The defendant claims that the second part of this charge is an incorrect statement of the law and that to so instruct the jury was reversible error.

The charge does in fact direct a verdict for the plaintiff. Taken in its literal sense it is an instruction telling the jury that if the truck driver failed to yield the right of way to the plaintiff, then in that event the plaintiff can recover. There is not one word either in this request or in the general charge instructing the jury on the rules of the road from which they could determine whether or not the circumstances were such as to require defendant to yield the right of way. The error is further emphasized by the court in its general charge. The court said in part:

"18th Street had a stop sign upon it. If the driver of this truck failed to stop, that is, failed to observe that stop sign and drove out upon St. Clair Avenue, that would be negligence upon his part and if that negligence directly caused or proximately—directly or proximately caused this collision, then you would find for the plaintiff in this action, provided again, of course, that the plaintiff was in the exercise of ordinary care for his own safety."

Just what conduct on the part of either plaintiff or defendant that would constitute the use of ordinary care or the lack of it, is nowhere explained, The giving of the plaintiff's

request to charge before argument was highly prejudicial to the rights of the defendant.

For the reasons as thus stated the cause should be reversed and remanded for further proceedings according to law.